NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-613

IN RE APPLICATION OF GREENBERG.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Greenberg,* Slip Opinion No. 2016-Ohio-613.]**

*Attorneys—Application to register as a candidate for admission to the practice of law—Candidate failed to cooperate in character and fitness investigation and sat for bar exam without completing law-school-graduation requirements—Application disapproved—Candidate may reapply to register as a candidate for admission.*

(No. 2015-0542—Submitted June 10, 2015—Decided February 23, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 594.

————————————————

**Per Curiam.**

{¶ 1} Applicant, Eric Warren Greenberg, is a candidate for admission to the practice of law in Ohio. The Board of Commissioners on Character and Fitness

recommends that we disapprove his application because he failed to appear for proceedings conducted to assess his character, fitness, and moral qualifications to practice law. We accept the board's recommendation to disapprove Greenberg's application.

{¶ 2} Greenberg initially applied to take the July 2013 bar examination but failed to meet certain requirements, including submitting a final law-school certificate, in time to take that test. He subsequently sat for the February 2014 bar exam but did not pass. After the exam results were released, it was determined that during the application process, his law school had erroneously certified that he had received a law degree when, in fact, he had not.

{¶ 3} The Board of Commissioners on Character and Fitness reviewed Greenberg's application and determined that his appearance at and completion of the February 2014 bar examination when he knew that he had not met his law-school-graduation requirements warranted further review of his character and fitness to practice law. The board also expressed concern that he appeared to have led the admissions-committee interviewers to believe that he had received his law degree.

{¶ 4} Accordingly, the board appointed a panel pursuant to Gov.Bar R. I(10)(B)(2)(e) and the sua sponte investigatory authority of the board to conduct a hearing on Greenberg's character, fitness, and moral qualifications to practice law. The panel chair attempted to contact him several times by both telephone and e-mail to arrange for a hearing but received no response. The panel chair also sent him two letters, one by certified mail and one by ordinary mail. The certified letter was returned unclaimed. However, the letter sent by ordinary mail was not returned. No response was received.

{¶ 5} The panel found that Greenberg failed to cooperate in the investigation and recommended that his application be disapproved. The board adopted the panel's recommendation.

2

**{¶ 6}** We have reviewed the board's report and the record, and we agree that under Gov.Bar R. I(11), Greenberg has not demonstrated the requisite character, fitness, and moral qualifications to be admitted to the bar. Greenberg's failure to appear for a hearing is sufficient grounds for disapproving his application. *See* Gov.Bar R. I(12)(C)(6) (failure to fully cooperate in the character and fitness investigation may be grounds for a recommendation of disapproval). Moreover, his sitting for the February 2014 bar examination when he knew that he had not met his law-school-graduation requirements was an act involving dishonesty. *See* Gov.Bar R. I(11)(D)(3)(i) (acts involving dishonesty, fraud, deceit, or misrepresentation are relevant to an applicant's character and fitness).

**{¶ 7}** We therefore accept the board's recommendation to disapprove Greenberg's application. He may reapply for admission to the practice of law in Ohio by (1) filing an application to register as a candidate for admission to the practice of law and an application to take the bar examination and (2) upon reapplication, undergoing a complete character and fitness investigation, including an investigation and report by the National Conference of Bar Examiners, in order to determine whether he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Raymond W. Lembke, for the Cincinnati Bar Association.

_____